ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2013 OCT 11 AM 8:37
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| LAZARO DESPAIGNE BORRERO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 313-057 |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | |
| FEDERAL BUREAU OF PRISONS, and | ) | |
| STACEY N. STONE, Warden, | ) | |
| | ) | |
| Respondents.[1] | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, a federal inmate currently incarcerated at McRae Correctional Facility in McRae, Georgia, brought the above-captioned petition under 28 U.S.C. § 2241 and 28 U.S.C. § 1651(a), and has filed a motion to proceed *in forma pauperis* ("IFP"). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the motion to proceed IFP be **DEEMED MOOT** (doc. no. 2), and that this case be **DISMISSED** and **CLOSED**.[2]

---

[1] The Court is aware that the proper respondent in a § 2241 petition is the person who has current custody over the petitioner. See 28 U.S.C. § 2242; Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004). However, the Court's determination that the instant petition is subject to dismissal with no need for a response makes it unnecessary for the Court to make any definitive finding regarding who the proper respondent is in this action.

[2] As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing the Government to respond to the instant petition. 28 U.S.C. § 2243.

I. **BACKGROUND**

Petitioner was convicted in the United States District Court for the District of Minnesota on one count of possession with intent to distribute crack cocaine, and on February 16, 2006 he was sentenced to 210 months of imprisonment. United States v. Borrero, 0:03-cr-00281, doc. nos. 106, 107 (D. Minn. Feb. 16, 2006) (hereinafter "CR 003-281"). On July 19, 2007, Petitioner's direct appeal of his sentence was denied by the Eighth Circuit. (Id., doc. no. 122.) On July 8, 2009, the district court denied several motions filed by Petitioner challenging his conviction and sentence, including a motion for reduction of sentence and a § 2255 motion. (Id., doc. no. 155.) On October 5, 2010, the district court denied additional attempts by Petitioner to challenge his sentence, and admonished Petitioner that pursuant to § 2255(h) he must obtain approval from the Court of Appeals before filing a second or successive § 2255 motion. (Id., doc. no. 168.) The district court again notified Petitioner of § 2255(h)'s requirements in an Order dated May 16, 2011, which denied another post-conviction sentence challenge by Petitioner. (Id., doc. no. 185.)

On March 19, 2012, after the sentencing guidelines were amended pursuant to the Fair Sentencing Act ("FSA"), Petitioner filed another motion for resentencing under 18 U.S.C. § 3582, claiming his sentence should be reduced. (Id., doc. no. 191.) This motion was denied by the district court on May 15, 2012, because the FSA did not modify the career offender sentencing guidelines under which Petitioner was sentenced. (Id., doc. nos. 193, 195.) The Eighth Circuit affirmed, and on December 10, 2012 the United States Supreme Court denied his petition for a writ of certiorari. (Id., doc. nos. 200, 203.)

Thereafter, Petitioner filed the instant § 2241 petition, dated July 24, 2013, in which he again asserts that his sentence should be reduced pursuant to the FSA. (Id. at 3-5.)

## II. DISCUSSION

Petitioner filed the instant petition pursuant to 28 U.S.C. § 2241 and the All Writs Act of 28 U.S.C. 1651(a). The primary purpose of a § 2241 petition is to provide the means for a prisoner to challenge the execution of his sentence. Here, Petitioner challenges the validity of his sentence, not its execution, as he claims the FSA should be applied to him retroactively to reduce his sentence.

"Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005) (*per curiam*); see also Jones v. Warden, FCC Coleman-Medium, 520 F. App'x 942, 944 (11th Cir. 2013) (*per curiam*). When, as here, the federal prisoner previously filed a § 2255 motion, he is barred from filing second and successive motions unless his claims rely upon the existence of newly discovered evidence or a new rule of retroactively applicable constitutional law. See 28 U.S.C. § 2255(h); United States v. Diaz–Clark, 292 F.3d 1310, 1316 (11th Cir. 2002). Here, Petitioner has not sought the Eighth Circuit's authorization to file a successive § 2255 motion.[3] See 28 U.S.C. 2244(b)(3) (requiring an applicant to first apply for and receive permission from the appropriate court of appeals before filing a successive §2255 motion in the district court); In re Blackshire, 98 F.3d

---

[3] Because Petitioner was convicted in the District of Minnesota, he must file any § 2255 motion in that District, and thus he must seek authorization from the Eighth Circuit. See Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

3

1293, 1293 (11th Cir. 1996).

Under limited circumstances, however, a provision of § 2255, known as the "savings clause," permits a federal prisoner to challenge the legality of his detention in a § 2241 petition. See § 2255(e). Under the savings clause, a federal prisoner can bring a § 2241 petition if an otherwise available remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." Id. Although the statute does not define "inadequate or ineffective," the restriction against second and successive § 2255 motions in § 2255(h), standing alone, does not render § 2255's remedy "inadequate or ineffective" within the meaning of the savings clause. Jones, 520 F. App'x at 945 (citing Gilbert v. United States, 640 F.3d 1293, 1308 (11th Cir. 2011) (en banc), cert. denied, 132 S.Ct. 1001 (U.S. 2012)). Thus, a prisoner cannot circumvent the requirements for filing a successive § 2255 motion merely by filing a § 2241 petition. Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999).

In this case, the type of claim Petitioner makes clearly does not trigger the savings clause to permit Petitioner to bring his challenge in a § 2241 petition. Petitioner does not identify any retroactively applicable Supreme Court decision that establishes he was convicted of a non-existent offense. See Gilbert, 640 F.3d at 1319-20; Jones, 520 F. App'x at 945. As to his FSA sentencing claim, Petitioner challenges the length of his sentence, but does not claim that it exceeded the statutory maximum. Jones, 520 F. App'x at 945. Furthermore, in addition to the Eighth Circuit's determination that the FSA does not apply to Petitioner because he was sentenced as a career offender, the FSA does not apply to Petitioner because it only covers offenders who committed their

4

offenses before August 3, 2010, but who were sentenced after that date. Dorsey v. United States, 132 S.Ct. 2321, 2326 (2012); see also Jones, 520 F. App'x at 945. "[N]othing in Dorsey indicates that the FSA applies to defendants, like [Petitioner], who committed their offenses and were sentenced prior to the FSA's enactment." Jones, 520 F. App'x at 945-46 (citing United States v. Hippolyte, 712 F.3d 535, 542 (11th Cir. 2013); United States v. Berry, 701 F.3d 374, 377 (11th Cir. 2012) (*per curiam*)).

Because Petitioner fails to show that § 2255's remedy is "inadequate or ineffective" to test the legality of his detention, the savings clause does not apply to his claim. Thus, his § 2241 petition constitutes an improper attempt to circumvent the requirements for filing second or successive § 2255 motions. Petitioner cannot avoid these requirements simply by raising his challenge in a different court, purportedly under § 2241.[4,5] Wofford, 177 F.3d at 1245.

---

[4] Similarly, Petitioner may not use the All Writs Act to circumvent the statutory requirements for filing a second or successive § 2255 petition. See Morales v. Florida Dept. of Corrections, 346 F. App'x 539, 541 (11th Cir. 2009) (*per curiam*) (quoting Pennsylvania Bureau of Corr. V. U.S. Marshals Serv., 474 U.S. 34, 43 (1985) ("[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.")).

[5] Petitioner also claims he is entitled to proceed under § 2241 pursuant to the Suspension Clause of the United States Constitution. Art. I, § 9. However, in Lucas v. United States, the Eleventh Circuit determined that "the savings clause [of § 2255] does not authorize a federal prisoner to bring certain claims, which would otherwise be barred by § 2255(h), in a § 2241 petition and that the restrictions in § 2255(h) do not violate the Suspension Clause." No. 12-15804, 2013 WL 2985800, *3 (11th Cir. 2013) (*per curiam*) (citing Gilbert, 640 F.3d at 1317, 1323).

### III. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed IFP be **DEEMED MOOT** (doc. no. 2), and that this case be **DISMISSED** and **CLOSED**.

SO REPORTED and RECOMMENDED this 11th day of October, 2013, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE